----

## Rees, Appellant, *v.* Clark.

*Statute of limitations—Practice, C. P.—Delay in issuing pluries writ in assumpsit—Process.*

Where a plaintiff in assumpsit delays for over six years in issuing a pluries writ after an alias writ has been returned non est inventus, the pluries writ will be quashed. In such a case the statute of limitations will bar a further prosecution of the action.

*Practice, C. P.—Reservation of question of law.*

A reservation of a question of law "whether under the record and the evidence in the case, there is any evidence entitling the plaintiff to recover," is in proper form.

Argued Nov. 2, 1905. Appeal, No. 175, Oct. T., 1905, by plaintiffs, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1892, No. 167, on verdict for defendant non obstante veredicto in case of Mary Rees et al., Executrix and Executors of James Rees, deceased, v. Lewis N. Clark et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for material and work. Before RODGERS, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant non obstante verdicto.

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellant.—A long delay after instituting a suit may be evidence of abandonment, and the court might not compel the defendant to plead. But this advantage is waived by pleading issuably and going to trial: Hemphill v. McClimans, 24 Pa. 367; Bell's Appeal, 115 Pa. 88; Waring v. Penna. R. R. Co., 176 Pa. 172.

The presumption is a presumption of abandonment: Biddle v. Girard Nat. Bank, 109 Pa. 349.

Instead of being the inception of a further suit, an alias or pluries at the common law is but a continuance of the process: Lynn v. McMillin, 3 P. & W. 170.

The case as presented shows a verdict for the plaintiffs for a specific sum of money. The reservation of the question undoubtedly is bad: McCormick v. Royal Ins. Co., 163 Pa. 184.

*James T. Buchanan*, for appellees, was not heard.

OPINION BY MR. JUSTICE POTTER, February 5, 1906 :

This was an action of assumpsit brought by the appellants who are the executors of James Rees, deceased, against Lewis N. Clark, W. B. Sneathen and William T. Brenneman. The

original summons was issued November 5, 1891, to the first Monday of December, 1891, and was returned "non est inventus." Plaintiffs' statement of claim was filed at the same time the summons issued. On September 5, 1893, an alias summons was issued to the first Monday of October, 1893, which was also returned "non est inventus." On September 18, 1901, a pluries summons was issued to the first Monday of October, 1901, which was duly served on all the defendants. On November 16, 1901, on petition of W. B. Sneathen, one of the defendants, a rule was granted to show cause why the writ should not be quashed and the suit discontinued, which rule, after answer and argument, was discharged. Subsequently, judgment by default was entered against the defendants, Clark and Brenneman, and the case was put at issue against Sneathen, the third defendant. On October 17, 1904, a jury was called, and on October 19, a verdict was rendered for the plaintiffs for $9,410.36, subject to the question of law reserved, "whether under the record and the evidence in the case, there is any evidence entitling the plaintiffs to recover against W. B. Sneathen." On February 27, 1905, judgment was entered for defendant and against plaintiffs non obstante veredicto.

The reason for entering judgment for defendant, is thus stated in the opinion of the court below: "In the case at bar, plaintiffs allowed a period of more than eight years to intervene between the issuing of the alias and the pluries summons, and a period of almost thirteen years between it and the time that the right of action accrued. It is our opinion, therefore, that plaintiffs, having allowed a period of more than six years to pass, during which time they have made no attempt to continue the process already issued, this action must be considered as discontinued and plaintiffs out of court; the plea of the statute of limitations being a bar to their right to recover on the pluries writ."

In reaching this conclusion the court below relied upon the reasoning and the principles set forth in the line of cases beginning with Jones v. Orum, 5 Rawle, 249, where a period of ten years intervening between the issuance of the writs, it was held that the suit was discontinued, and defendants were out of court. In McClurg v. Fryer, 15 Pa. 293, a period of a little more than four years was held to be in time to bar the statute.

In Curcier's Estate, 28 Pa. 261, the time intervening between the writs was fifteen years; and it was held that the suit was not properly continued, and the running of the statute was not tolled. Judge BLACK there says that it is not safe to delay the alias for more than six years after the original writ is taken out, and he adds, "there is no case in our own books that has allowed a suit commenced in this way to be kept alive by continuances, without an alias in less than six years."

We think the conclusion reached by the trial judge in this case, was entirely correct. If we have any regard to the principle upon which the statute of limitations is founded, we must hold that it is not sufficient for a plaintiff to bring his action and then remain inactive for an indefinite period. As the legislature has prescribed the term for the commencement of a suit, to bar the statute, we are of the opinion that both reason and authority require that in order to continue the action and prevent the defendant from claiming the protection of the statute, an alias writ should be issued within a like period from the date of the original summons.

It is suggested in the argument, that the reservation of the question of law, was bad, but, under the rules laid down in Casey v. Paving Co., 198 Pa. 348, the reservation is unquestionably good.

The assignment of error is overruled and the judgment is affirmed.