Mayo, Appellant, *v.* James Lees & Sons Company.

Argued April 20, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*B. D. Oliensis,* with him *Samuel Kravitz,* for appellant.

*Wayland H. Elsbree,* with him *Algernon R. Clapp,* of *White & Clapp,* for appellee.

PER CURIAM, May 27, 1937:

The original summons in an action for wrongful death was issued on October 18, 1934, within one year

of the death, as required by the Act of April 26, 1855, P. L. 309. It was returnable November 26, 1934, and was returned *nihil habet* by the sheriff. An alias writ of summons was issued on October 21, 1935. It also was not served and a pluries writ was issued in July, 1936, and served on defendant. The court below permitted a judgment of non pros to be entered on the ground that the alias and pluries writs were invalid since the cause of action was barred by plaintiff's failure to have the alias writ issued within one year of the impetration of the original writ.

Appellant, plaintiff in the court below, urges that inasmuch as no subsequent writ can be issued before the return day of the prior writ has passed, the action should not be barred until the running of the statutory period measured from the return day and not from the issuance of the prior writ, in analogy to the rule that the statute of limitations does not begin to run until the right to bring suit accrues.

A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned *nihil habet* or *non est inventus*, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute. Accordingly, the rule has been established by this court that he may have a subsequent writ issued within the statutory period commencing from the impetration of the unserved writ; this will keep the cause of action alive: *McClurg v. Fryer & Anderson*, 15 Pa. 293; *Bovaird & Seyfang Mfg. Co. v. Ferguson*, 215 Pa. 235. But if the subsequent writ is issued later than the statutory period (here one year) computed from the impetration of the prior writ, the former is ineffec-

tive and the action is barred: *Rees v. Clark,* 213 Pa. 617; *Prettyman v. Irwin,* 273 Pa. 522.

Judgment affirmed.