## Thomas v. McLean Coal Co.

Before Adams, O'Brien and Thompson, JJ.

*Watzman & Groudine,* for plaintiff.

*James J. Burns, Jr.,* for defendant.

THOMPSON, J., November 27, 1951.—This case resulted from personal injuries alleged to have been sustained by plaintiff on November 1, 1948, while employed as a truck driver by an independent trucker, who was securing a load of coal from the defendant's coal mine.

The single question before us is as follows: "Is plaintiff's action barred by the statute of limitations?"

The facts involved are not in dispute. Within a period of two years after the happening of the accident, a praecipe for summons in trespass was filed on behalf of plaintiff in the prothonotary's office on October 29, 1948. No service of this original writ seems to have been made. On January 20, 1949, or a little less than three months after the first or original writ had been issued, a praecipe for reissue was filed in the prothonotary's office wherein the prothonotary was directed to "reissue the writ in the above entitled case, returnable sec. reg." The reissued writ was served by the sheriff

upon defendant on February 1, 1949, at 1:15 p.m. The complaint was filed in the prothonotary's office on January 27, 1949.

Defendant filed preliminary objections in which the question of the statute of limitations was raised and after argument before a court en banc was determined adversely to defendant, the opinion of the court being written by Judge McNaugher, who is now the president judge.

The case was appealed to the Supreme Court of Pennsylvania on a question of jurisdiction and that court quashed the appeal because it had not been taken within the statutory period. The court, however, indicated in a footnote that the question of the statute of limitation, which apparently had been argued before it, could not be raised by preliminary objections. We now have before us precisely the same question, which was carefully discussed by Judge McNaugher in his opinion in the course of which, after reciting the dates which have been mentioned, he said:

"As we understood defendant's counsel at the argument, his contention was that the reissued writ served February 1, 1949, was a nullity because based upon an original writ which had itself become a nullity, since it did not leave the prothonotary's office, and that the suit was not begun within the two-year period of the statute of limitations.

"We think that under the Rules of Civil Procedure and the decisions of the Supreme Court the suit was brought in time and that this court has jurisdiction to hear and redetermine the case."

The opinion of Judge McNaugher then quotes the pertinent Rules of Civil Procedure, which both parties agree are now before us for construction, to wit, Rules 1007, 1009 and 1010, and also quotes at length Goodrich-Amram's comments on these rules. After quoting from Gibson v. Pittsburgh Transportation Co., 311

Pa. 312, 166 Atl. 842 and commenting upon Mayo v. James Lees & Sons Company, 326 Pa. 341, Judge McNaugher ends with the statement:

"We saw no merit in defendant's preliminary objections which are the basis for the appeal and accordingly enter our order overruling them."

Under the pleadings, the question of the statute of limitations is now properly before us.

The able counsel for defendant in a comprehensive brief has urged that under the decisions of the courts, which were handed down prior to the taking effect of the new procedural rules, the statute of limitations must be held to have barred this action, and that the new procedural rules when properly construed do not hold otherwise.

Defendant contends that since the original writ in this case, which was issued on October 29, 1948, was not served upon defendant and the renewal of the writ was not issued until almost three months later and at a date more than two years after the happening of the accident, the original writ had become a nullity and no attempted reissuance of it could have any validity even under the new procedural rules.

Before quoting and discussing the new procedural rules, we will refer to three cases, which were decided before the new rules took effect and upon two of which Judge McNaugher relied.

In Gibson v. Pittsburgh Transportation Co., 311 Pa. 312, the court had before it a personal injury case where an accident had occurred on May 7, 1931, which resulted immediately in the death of the injured person. A praecipe and statement of claim had been filed on May 7, 1932, or just within the statutory year applying to death cases. The Supreme Court held that the filing of the praecipe for writ of summons in trespass and the paying of the required fee of the prothonotary tolled the statute of limitations even though the

writ was not lifted at the time by plaintiff's attorney and delivered to the sheriff's office and did not reach the latter office until several days after May 7th. The court said at page 313:

"The sole question presented for our consideration is whether the action was 'brought' within one year after the death of plaintiff's decedent, as required by the Act of 1855, supra, by filing the praecipe for writ of summons and statement of claim and entry in the office of the prothonotary, even though the writ did not leave that office until after expiration of the statutory period."

After a discussion of this question, the court said, at page 315:

"Counsel for appellee has called to our attention several cases from the lower courts and other jurisdictions in which it has been held that an action cannot be said to have commenced or to have been brought until the process has been put in course of delivery for the purpose of service. In the absence of statutory restriction to the contrary, we cannot agree that reason or common sense requires such interpretation, and we accordingly hold that under the facts of this case the action was begun within the statutory period."

A later case, which defendant regards as being of aid to him on the question of the statute of limitations is Mayo v. James Lees & Sons Company, 326 Pa. 341. This case, however, in our opinion strengthens plaintiff's contention. The Supreme Court in a per curiam opinion, after having stated that the original summons in an action for wrongful death was issued on October 18, 1934, within one year of the death, as required by the Act of April 26, 1855, P. L. 309, and was returned nihil habet by the sheriff, and an alias writ was issued on October 21, 1935, which was also not served, and a pluries writ issued in July 1936 and served on defendant, stated at page 342:

"A plaintiff, to keep his cause of action alive, must act by causing a summons to issue within the statutory period, and thereafter be vigilant by taking prompt steps to obtain service; he cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned nihil habet or non est inventus, the law considers plaintiff as having been diligent and treats his conduct as tolling the statute. Accordingly, the rule has been established by this court that *he may have a subsequent writ issued within the statutory period commencing from the impetration of the unserved writ;* this will keep the cause of action alive: McClurg v. Fryer & Anderson, 15 Pa. 293; Bovaird & Seyfang Mfg. Co. v. Ferguson, 215 Pa. 235. But if the subsequent writ is issued later than the statutory period (here one year) computed from the impetration of the prior writ, the former is ineffective and the action is barred: Rees v. Clark, 213 Pa. 617; Prettyman v. Irwin, 273 Pa. 522." (Italics supplied.)

It will be observed that the statute of limitations in the case now before us, which was for personal injuries not resulting in death, is two years, and that the second writ, which was issued in this case and which was served, was filed within less than three months after the issuance of the original writ. If, as plaintiff contends, the statute was tolled by the issuance of the original writ, then the statute would not begin to run again until a period of two years had elapsed.

In Roberts v. Jones & Laughlin Steel Corporation, 159 Pa. Superior Ct. 472, the opinion of the court was filed shortly prior to the taking effect of the new procedural rules, here involved. The question involved was a rehearing in a workmen's compensation proceeding and involved the statute of limitations. The court said, at page 476:

"The filing of the petition within the year tolls the running of the statutory limitation, just as the filing of an original claim petition within the year protects the claimant. [Cases cited.]

"The appellant contends that the board was without authority to grant a rehearing in this case because it was not done until February 23, 1945, which was more than one year after the disallowance of compensation.

"Where legal proceedings are commenced to enforce a right before a statute of limitation has run against it, no lapse of time after the commencement of such proceeding will operate as a bar to the enforcement of that right. The statute does not require that the action shall be prosecuted to a finality within the stated period, and the fact that trial is not had, or judgment in the action is not entered until the period of limitation has expired, will not alter the rule. The pendency of the suit operates to suspend the statute as to all parties thereto so far as the subject matter of the suit is concerned. Marinho v. Glen Alden Coal Co., 108 Pa. Superior Ct. 560, 165 A. 506."

We come now to the new procedural rules applicable to this case:

"Rule 1007. Commencement of Action.

"An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, (2) a complaint, or (3) an agreement for an amicable action."

"Rule 1009. Service.

"(a) The writ, or the complaint if the action is commenced by complaint, shall be served by the sheriff within thirty (30) days after issuance or filing. When the sheriff is a party to the action service shall be made by the coroner."

The remaining parts of rule 1009 deal with the manner of service and need not be quoted.

"Rule 1010. Reissuance, Reinstatement and Substitution of Writ or Complaint.

"(a) The prothonotary, upon praecipe and upon presentation of the writ or the complaint, shall continue its validity by reissuing the writ, or reinstating the complaint, by writing thereon 'reissued', in the case of a writ, or 'reinstated', in the case of a complaint.

"(b) A writ may be reissued or a complaint reinstated at any time and any number of times.

"(c) A substituted writ may be issued or a substituted complaint filed upon praecipe stating that the former writ or complaint has been lost or destroyed.

"(d) A reissued, reinstated or substituted writ or complaint shall be served by the sheriff within thirty (30) days after reissuance, reinstatement or substitution."

The above rules all became effective January 1, 1947.

Goodrich-Amram in vol. 1, Procedural Rules Service, have made the following comments upon these rules insofar as they bear upon the question now before us. The comments call attention to the fact that these rules make a substantial change in the prior practice. In commenting on rule 1007-3 it is stated:

"Under the prior practice, there were differences of opinion respecting the date when an action had been 'commenced' by the plaintiff within the meaning of the Statutes of Limitation. The alternatives included (1) the date the plaintiff filed his praecipe; (2) the date the prothonotary prepared and issued the writ; (3) the date the writ was delivered to the sheriff for service.

"Rule 1007 (1) clarifies any doubts with respect to the prior law. The action is 'commenced' by 'filing with the prothonotary a praecipe . . .'. This makes it clear that this action by the plaintiff is all that is required of him. Failure of the prothonotary to issue the writ,

failure of the plaintiff to pick the writ up, or failure of the sheriff to receive the writ for service are all irrelevant, so far as tolling the Statute is concerned. By the mere filing of the praecipe, the action has been 'commenced'."

As respects rule 1009 the commentary states:

"§1009 (a)-1. Time for Service. Life of Process. Consistent with the scheme of the Rules and the abolition of return days, Rule 1009 fixes a limit of 30 days in all instances for the life of the process. Provisions are made in Rule 1010 for renewals of the process for later service. . . ."

After stating that the writ ordinarily becomes dead after the expiration of 30 days, the commentary continues:

"The 30 days is computed, in the case of the writ of summons, from the date of its 'issuance'. It has already been pointed out that an action is 'commenced' when the praecipe is filed. But the life of the writ is not computed from this same date. If there should be a delay between the time the praecipe is filed and the date the prothonotary issues the writ, the 30 day life of the writ is calculated from the later date."

On rule 1010 there is the following comment:

"§1010 (a)-1. Reissuance of the Writ. Consistent with the simplification accomplished by the elimination of the return day, the old practice of alias and pluries writs has been superseded. If it appears that the writ cannot be served before the 30 day period, or is not served within that period, an extension for another 30 days can be obtained merely by presenting the original writ to the prothonotary with a praecipe asking reissuance.

"The prothonotary will write on the writ the simple word 'reissued' with the date of the reissuance, and a new 30 day period of life beginning with that date will automatically commence to run. . . .

"§1010 (b)-1. Time for Reissuance or Reinstatement *There are no time restrictions on the reissuance or reinstatement.* Plaintiff need not wait until the 30 day period is over; he may go in at any time during that period and seek relief. . . .

"Plaintiff, of course, may delay the reissuance or reinstatement until after the 30 day period has expired. This in no way will prejudice his right to action by the prothonotary. In such case, the prior practice regarding the statute of limitations will still apply. The reissuance or reinstatement must be made within the same period of time following the issuance of the expired process within which the original action had to be brought to toll the statute of limitations. For example, if the action is wrongful death and the statute of limitations is one year, the reissuance cannot be delayed more than one year after the original writ issued.

"Reissuance or reinstatement may be effected an indefinite number of times, each serving to initiate a new 30-day period for service. . . .

"§1010 (d)-1. Service of Reissued, Reinstated or Substituted Process. The 30-day life of the process is definitely fixed. If it is not served within that period, it normally expires and cannot be served thereafter. Reissuance or reinstatement is essential. Each reissuance or reinstatement validates the process or service for a new period of 30 days, commencing as of the date the prothonotary acts. If not served within that period, it again will expire unless again reissued or reinstated. . . ."

It seems to us that the language in Goodrich-Amram Commentary is clear and supports the opinion of Judge McNaugher previously filed in this case.

We, however, have available another commentary on these rules in Anderson, Pennsylvania Civil Practice. In volume 2 of this very recent publication on page 247 there is the following comment on rule 1007:

"Statute of limitations. The commencement of an action tolls or stops the running of the statute of limitations. At what moment is the action of assumpsit technically commenced? This moment occurs when the paper, whether praecipe, complaint or agreement, is filed with the prothonotary. If this filing or leaving with the prothonotary takes place within the statutory period the action is timely begun even though the docketing by the prothonotary, the issuance of the writ by him, or the service of process occurs after the statute has run."

Anderson's comment upon rule 1009 is substantially in accord with Goodrich-Amram and is given on pages 252 and 253 insofar as the statute of limitations is involved. On page 253 in commenting on rule 1009 there is this statement:

"A minor difference as to the period for service unintentionally arises between the writ and the complaint. In the case of the latter, the thirty-day period for service dates from the time the plaintiff files the complaint with the prothonotary. In the case of the former, it is not from the time when the plaintiff files his praecipe for a writ of summons but from the later time when the prothonotary issues the writ. While ordinarily the prothonotary will issue the writ on the same day the praecipe is filed, there may be a time-lag between the two. In such a case this variation between the writ and the complaint would continue the thirty-day period to a later time in the case of the writ."

The comment upon rule 1010 begins on page 274, vol. 2, as follows:

"Reissuance and reinstatement of writ or complaint: By Rule 1009(a) the writ or complaint by which an action is commenced must be served within thirty days after issuance or filing. After that time it cannot be served and a service thereafter attempted has no

validity unless the plaintiff has followed the procedure of Rule 1010.

"Under the former practice, the life of process was terminated by the passage or expiration of the return day of the writ. After that time, the process could not be served and could not be revived. Additional process, however, in the form of separate writs, called alias and pluries writs could be issued. Under Rule 1010 a different procedure is provided by which the same writ or complaint which began the action is itself given additional life.

"Under Rule 1010 the plaintiff presents the original writ or the original complaint to the prothonotary with a praecipe directing him to write on it the word 'reissued' in the case of a writ and 'reinstated' in the case of a complaint. The plaintiff does not file a new or alias writ or complaint. The prothonotary makes such notation as of course on the paper and signs, seals and dates this endorsement or notation. The writ or complaint may then be served at any time within the following thirty days without regard to whether at the time of reissuance or reinstatement the prior thirty-day period for service had already expired. . . .

"Time for: By virtue of Rule 1010(b), the writ or complaint by which an action is begun may be reissued or reinstated at any time or times and for any number of times. *The Rule permits the extension of the life of the process by reissuance or reinstatement after the original thirty-day period has expired.* In this respect the former practice is continued. Rule 1010(b) also confers the right to extend the life of the process before the expiration of the prior period for service. This enables the plaintiff to avoid a time gap or interval between the expiration of one period for service and the initiation of a new period for service. This may be important where the factual situation indicates that service upon the defendant can probably be made a

few days after the thirty days has expired but that service will probably not be possible at any other time. Under the former practice the plaintiff ran the risk that he would be unable to have an alias writ issued quickly enough after the expiration of the former writ to be able to serve the defendant. This danger is eliminated under Rule 1010(b). . . .

"Statute of Limitations. The reissuance or reinstatement of the process, whether writ or complaint, is not the commencement of a new action as respects the statute of limitations, or contractual limitations.

"While the rule literally states that the process may be reissued or reinstated at any time, there is an implied limitation of the prior case law on the issuance of alias and pluries writs which will continue to govern. The reissuance or reinstatement must be made within the period of the statute of limitations following the former process. *In determining this period, the calculation is not made from the time when the former period of service of the writ or complaint expired but from the date the process was executed by the prothonotary.* . . .

"*It should therefore be held that the period of the statute should be counted from the time the plaintiff, upon beginning the action, filed the praecipe for a writ or filed the complaint.*

"If the writ or complaint has already been reissued or reinstated, the statutory period in which a subsequent reissuance or reinstatement may be made should be computed from the filing of the praecipe on which the last reissuance or reinstatement was obtained."

The able counsel for defendant in his brief, apparently referring to the construction put upon procedural rules 1007, 1009 and 1010 by Goodrich-Amram Commentary, says that "under this construction an action can be prolonged interminably by the simple

expedient of reissuing expired and unlifted writs." This is not, we think, the entire effect of these rules because the statute of limitations begins to run again each time a writ is issued or reissued.

The action was begun before the statute had run and the second or reissued writ was filed within less than three months after the original writ.

If defendant's motion for judgment on the pleadings should be approved, we must disregard what seems to us to be the plain reading of these rules and the construction put upon them both by the Goodrich-Amram and the Anderson Commentary, and we must also hold that an opinion of a prior court en banc upon this very point was an improper construction of these rules. We find no valid reason for so concluding.

Defendant's motion for judgment on the pleadings will, therefore, be refused.