## Howard v. Continental Insurance Co.

*Martin J. Vigderman* of *Freedman, Landy & Lorry*, for plaintiff.

*Horace Michener Schell*, for defendant.

ALESSANDRONI, J., August 5, 1954.—Plaintiff filed a complaint in assumpsit to recover for a loss under a contract of insurance. The complaint was filed November 20, 1951, the sheriff returned the complaint "not found". On May 22, 1953, the complaint was reinstated and the sheriff returned it "served". Defendant filed preliminary objections; the objections were sustained. On rehearing, Reimel, J., reversed the foregoing decision and dismissed the preliminary objections. Defendant seeks a rehearing.

The issue to be determined is: What period of time is available to a plaintiff to reinstate a complaint

which was not served within 30 days. The question arises because the present contract of insurance required plaintiff to institute suit within 12 months of the loss. Defendant argues that a proper interpretation of Pa. R. C. P. 1010 limited plaintiff's right to reinstate the complaint to another 12 months from its impetration.

Defendant's position that the court misapprehended its argument is a play in semantics. Whether it is urged that the policy limitation governs reinstatement or that a proper interpretation of Pa. R. C. P. 1010 invokes the policy limitation, the result is the same. In any event, we think defendant is in error and cannot prevail.

The general law is clear. The institution of suit plus the effort to serve the document filed is sufficient to toll the statute of limitations: Mayo v. James Lees & Sons Co., 326 Pa. 341. If the effort to serve fails, the result is the same: Ibid. The question then arises as to the period then available for reinstating the complaint. That period is governed by either a general or specific statute of limitations.

Thus, in Mayo v. James Lees & Sons Co., supra, an alias writ under prior practice reissued beyond the statutory period after impetration for a wrongful death action was held to be invalid. The court held that the one-year statute applicable to the action itself governed the issuance of alias and pluries writs.

So, also, in Webb et al. v. Link et al., 82 D. & C. 326, a summons in trespass reissued more than two years after its impetration was held to be invalidly issued. The statute of limitations for personal injuries controlled.

Defendant would have us apply the 12-month limitation for institution of action to the period available under an interpretation of rule 1010. Reasonable limitations for institution of suit have been sustained, but,

once the suit is instituted, the statutory law must govern. Especially, where, as here, the policy is silent on reinstatements. However, we make no decision as to the effect of such a provision or its validity if such were present in the policy.

Thus, the cases holding that specific statutory periods apply to reissuance or reinstatement as the case may be are clearly inapposite. J. F. Everett v. Niagara Ins. Co., 142 Pa. 322, is still law and resolves the question in this case. The limitation in the policy can control initiation, but it cannot control further action. It is not exactly similar to, nor does it have all the incidents of, a statute of limitations and hence cannot control reinstatements or reissuances.

We believe that the order dismissing the preliminary objections was proper and should not be disturbed.

### Order

And now, to wit, August 5, 1954, defendant's petition for a rehearing is dismissed.