Mangino, Appellant, *v.* Lieber.

Argued March 19, 1971.   Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Paul A. Simmons,* with him *Tempest & Simmons,* for appellant.

*Charles C. Keller,* with him *Peacock, Keller, Yohe & Day,* for Steel City Contracting Company, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 1, 1971:

Alvira Mangino, appellant, was injured in an automobile accident on December 18, 1962. Alleging that the accident was caused by the conduct of Steel City Contracting Company (Steel City), appellee, in negligently blocking the highway with "equipment, dirt and debris," appellant filed a complaint on June 4, 1963. The complaint was not served on Steel City, a partnership, apparently because when the sheriff attempted to serve the partnership on June 12, 14, 17, 26, 27 and 28, 1963, at both of its last known addresses, the partnership could not be found.

On March 7, 1966, the complaint was reinstated and served on the partnership by service on one of the partners, Hall L. Kennedy, at his residence in Pleasant Hills, Pennsylvania. Steel City raised the statute of limitations by preliminary objections. We remanded the case on the grounds that Rule 1030 of the Pennsylvania Rules of Civil Procedure requires that all affirmative defenses, including statute of limitations, shall be pleaded in a responsive pleading under the heading of "New Matter." *Mangino v. Steel Contracting Co.*, 427 Pa. 533, 235 A. 2d 151 (1967).

Steel City filed an answer, raising the statute of limitations in new matter, and appellant filed a reply, asserting estoppel. Steel City's motion for summary judgment was dismissed, but on exceptions, it was granted by the court en banc. This appeal followed.

We believe that the court en banc was correct in granting Steel City's motion for summary judgment on the basis of our decision in *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A. 2d 317 (1961), where we held that "a writ of summons may be reissued only for a period of time which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time re-

quired by the applicable statute of limitations for the bringing of the action." Since appellant's complaint was originally filed on June 4, 1963, appellant had until two years later, June 4, 1965, to reinstate the complaint. March 7, 1966, was too late.

Appellant argues that Steel City's partners are estopped from raising the defense of a time limitation as to reissuing a summons, because they were trying to evade the sheriff when he failed to serve either of the partners after six fruitless trips to the admitted places of business, and because they dissolved the business within five days of the sheriff's last visit, after which time one of the partners left the state.

It is difficult to see what effect the sheriff's inability to find anyone to serve with the complaint at the partnership's business address in June of 1963, could have on appellant's failure to reinstate the complaint within two years of June 4, 1963. Hall L. Kennedy has always been registered as a partner, and has always been listed at the Pleasant Hills address where he was finally served.

It is not enough for appellant to allege estoppel in order to prevent the granting of Steel City's motion for summary judgment for failure to reinstate the complaint during the two-year period. As Pa. R. C. P. 1035(d) provides: "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Appellant did not allege specific facts to show that she was prevented from reinstating the writ because of any conduct of Steel City's partners. Consequently, the

court en banc was correct in entering summary judgment for Steel City.

Judgment affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.