## Bayshore, Appellant v. Jackson.

Argued December 7, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Frank J. Marcone,* for appellant.

*C. Richard Morton,* for appellee.

OPINION BY JACOBS, J., March 27, 1973:

On April 28, 1967, appellant was injured in an automobile accident. She began an action in trespass by the issuance of a writ of summons on August 8, 1968. The writ was never served on the appellees. Nothing more appears on the record until January 20, 1970, when an attorney entered an appearance for appellee, William W. Jackson, and immediately caused a rule to issue on appellant to file a complaint in 20 days. No complaint was forthcoming and on May 6, 1970, Jackson's attorney again ruled the appellant to file a complaint within 20 days. On October 2, 1970, 2 years 55 days after issuing the writ of summons, the appellant filed her complaint. In his answer Jackson pleaded the statute of limitations and moved for summary judgment so far as the personal injuries were concerned. The lower court entered judgment for Jackson as to appellant's claim for personal injuries.

In her appeal appellant first argues that the filing of the writ of summons on August 8, 1968, tolled the statute of limitations. However, we do not find it necessary to answer that question because, assuming that it did toll the statute, it only tolled it for 2 years from August 8, 1968, because it was never served on the appellees. *Mangino v. Lieber,* 442 Pa. 594, 277 A.2d 823 (1971); *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A.2d 317 (1961). Appellant's failure to do anything within those 2 years was fatal to her claim.

Appellant further argues that a general appearance was entered for Jackson and that such appearance effectively waived the statute of limitations. While that was the rule some years ago, recent case law and the Pennsylvania Rules of Civil Procedure have modified it. Pa. R.C.P. 1012 now provides that "[a] party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served. Such appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue." In *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A.2d 252 (1965), it was held that defendant's appearance to rule plaintiff to file a complaint did not waive defendant's right to challenge venue. The Court felt that since the defense had to be raised by preliminary objection, and such objection could not be made until a complaint was filed, it would be unjust to penalize defendant for appearing to request the filing of a complaint. Since the statute of limitations as a defense must be raised by answer, it would be similarly unfair to hold that an appearance entered for the purpose of getting a complaint on the record so an answer could be filed was a waiver of the defense. The second sentence of Pa. R.C.P. 1012 was added in 1966 to bring the rule into conformity with *Monaco*.

It might be suggested that the appearance herein entered did not comply with the requirement of Rule 1012 that it state an address at which papers might be served. Although no address appeared on the order of appearance, it did appear on the praecipe to file a complaint which was lodged at the same time and for the purpose of which the appearance was obviously entered. This is an adequate compliance with the rule.

Judgment affirmed.