Anderson, Appellant, *v.* Bernhard Realty Sales Company, Inc., et al.

Argued April 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Matthew Verlich,* with him *Stokes, Lurie & Tracy,* for appellant.

*James F. Manley* and *Ralph A. Davies,* with them *Burns, Manley & Little,* and *Thomson, Rhodes & Grigsby,* for appellee at No. 82.

*J. Gambino,* with him *James A. McGregor, Jr.,* and *Egler, McGregor & Reinstadtler,* for appellee at No. 117.

OPINION BY JACOBS, J., September 23, 1974:

The sole question presented by this appeal is whether the statute of limitations is tolled when the plaintiff files a praecipe for a writ of summons, but fails to deliver the writ to the sheriff for service. The lower court held that under such circumstances the statute of limitations is not tolled. We disagree and reverse.

The following relevant facts appear in the record: On October 17, 1968, plaintiff-appellant was injured when he fell in a hole on the premises of defendants. On July 8, 1970, appellant filed, in Allegheny County, a praecipe for a writ of summons in trespass against all defendants; the writ was never delivered to the sheriff for service. On June 22, 1972, appellant filed a praecipe to reissue the writ of summons in trespass; again, the writ was never delivered to the sheriff for service. On January 30, 1973, appellant filed another praecipe to reissue the writ of summons; this time, appellant delivered the writ to the sheriff who served it on de-

fendants. By way of new matter in their answers, defendants Revest, Inc. and Ronald Heurich raised the defense of the statute of limitations.[1] They alleged that appellant had not tolled the running of the statute of limitations because he failed to deliver the writ of summons to the sheriff for service after filing a praecipe to commence the action. In its answer, defendant Bernhard Realty Sales Co. did not raise the defense of the statute of limitations. Defendants Revest, Inc. and Ronald Heurich moved for judgment on the pleadings which was granted by the court below. Thereafter, defendant Bernhard Realty Sales Co. moved for summary judgment, claiming that the bar of the statute of limitations should apply to appellant's action against it as well. This motion was also granted.[2] The present appeal is from the dismissal of the action against these three defendants because of the running of the statute of limitations.

In dismissing the action, the court below reasoned that it was necessary for appellant after filing the praecipe to deliver the writ of summons to the sheriff for service in order to toll the statute of limitations. Since there was no dispute that appellant failed to deliver the writ to the sheriff, the lower court concluded that the filing of the praecipe did not toll the 2-year statutory period. The lower court's decision was based on several cases prior to the adoption of the Pennsylvania Rules of Civil Procedure which held that after a plaintiff has started an action, he must be vigilant in obtaining service or the statute of limitations will not

---

[1] Since this was an action for personal injuries, the 2-year statute of limitations was applicable. Act of June 24, 1895, P. L. 236, §2, 12 P.S. §34.

[2] An additional reason for reversing this order lies in the fact that Bernhard Realty Sales Co.'s failure to raise the statute of limitations in its answer constituted a waiver of that defense. Pa. R. C. P. 1032.

be tolled. *See Mayo v. James Lees & Sons Co.*, 326 Pa. 341, 192 A. 459 (1937); *Bovaird & Seyfang Mfg. Co. v. Ferguson*, 215 Pa. 235, 64 A. 513 (1906); *Magaw v. Clark*, 6 Watts 528 (Pa. 1837). The lower court further concluded that the holding of those cases had not been disturbed by the Pennsylvania Rules of Civil Procedure and held that it was still necessary for a plaintiff after starting an action to take prompt action to obtain service in order to toll the statute of limitations.

We disagree with this conclusion. Rule 1007 of the Pennsylvania Rules of Civil procedure states: "An action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons . . . ." No further action of a plaintiff is required under Rule 1007 to commence an action. The filing of a praecipe for a writ of summons is sufficient to toll the statute of limitations for an amount of time measured by the original statutory period (in this case 2 years) irrespective of whether the prothonotary issues the writ or the sheriff serves it. *Ehrhardt v. Costello*, 437 Pa. 556, 264 A.2d 620 (1970). Furthermore, the writ can be reissued at any time within 2 years from the date of its issuance, and thus toll the statute for a 2-year period from the date of reissuance. *Id.* Our review of the law convinces us that there have been no decisions since the adoption of Rule 1007, effective January 1, 1947, which require a plaintiff to deliver the writ of summons to the sheriff in order to toll the statute of limitations. On the contrary, it has been held that the statute is tolled by the filing of a praecipe for a writ of summons regardless of whether the plaintiff delivers the writ to the sheriff. *See Zoller v. Highland Country Club*, 108 P.L.J. 1, *aff'd*, 191 Pa. Superior Ct. 207, 156 A.2d 599, *allocatur refused*, 191 Pa. Superior Ct. xxvi (1959); *Thomas v. McLean Coal Co.*, 79 Pa. D. & C. 492 (1951).

The defendants have also argued that appellant's failure to deliver the writ to the sheriff for service is tantamount to ordering the sheriff to "hold" the writ. A "hold" order to the sheriff or prothonotary has been held to nullify the filing of the praecipe and the statute of limitations would continue to run. *McCrystal v. Berczel*, 8 Mercer 75 (1965). *See Peterson v. Philadelphia Suburban Transp. Co.*, 435 Pa. 232, 255 A.2d 577 (1969). However, we do not equate appellant's failure to deliver the writ to the sheriff with the affirmative "hold" orders found in *McCrystal* and *Peterson*. *See Donahey v. Mattox*, 228 Pa. Superior Ct. 8, 323 A.2d 167 (1974) (failure of plaintiff to pay sheriff's fee held not equivalent to "hold" order).

The Pennsylvania Rules of Civil Procedure do not place upon a party who has filed a praecipe to commence an action the duty to deliver the writ to the sheriff in order to toll the statute of limitations. As we noted in *Zoller v. Highland Country Club*, supra, arguments of the type presented by the defendants in this case should be addressed to the Procedural Rules Committee.

We would like to add in closing that defendants still possess the remedy of *non pros.* as protection against a plaintiff's unreasonable delay in prosecuting an action. *See Salay v. Braun*, 427 Pa. 480, 235 A.2d 368 (1967).

Order reversed.

---

CONCURRING OPINION BY SPAETH, J.:

I agree with Judge JACOBS' statement of the cases and therefore join him in reversing the court below. In my view, however, the cases are poorly reasoned and should be overruled. I would not overrule them for the purpose of this case, for that would be unfair to appellant, who was entitled to rely on them, but I would overrule them prospectively.

I would construe Rules 1007, 1008 and 1009 together to mean that an action is not "commenced" so as to toll the statute of limitations until the plaintiff's attorney has done two things: first, he must have filed with the prothonotary either a complaint or a praecipe for a writ of summons, and second, he must have filed with the sheriff an attested copy of the complaint or writ with an instruction to effect service.

I recognize that this construction of the rules would eliminate the practice of filing the complaint or praecipe with the prothonotary and then either not going to the sheriff at all or going to him but instructing him not to make service. This practice, however, should be eliminated. Its only purpose is to save the cost of service, and that is not a purpose consistent with a fair legal system, as Judge PRICE's opinion demonstrates.

HOFFMAN, J., joins in this opinion.

---

CONCURRING AND DISSENTING OPINION BY PRICE, J.:

I concur in the Majority Opinion in this appeal, which reverses the lower court's entry of a summary judgment in favor of Bernhard Realty Sales Company. The failure of Bernhard Realty to raise the statute of limitations in its answer constituted a waiver of that defense under Rule 1032 of the Pennsylvania Rules of Civil Procedure. The entry of a summary judgment on the basis of a defense not timely raised was not proper, and, therefore, must be reversed.

I respectfully dissent from the Majority Opinion with regard to the appeals against Revest, Inc., and Ronald Heurich.

On July 8, 1970, in Allegheny County, appellant filed a praecipe for a writ of summons in trespass against all defendants, based on an injury he had sustained almost two years before, on October 17, 1968. Appellant, through his attorneys (all members of the Allegheny County Bar) failed to deliver the writ to the

sheriff, in violation of the known and accepted local court procedures in Allegheny County.[1] As a result of appellant's own inaction, the writ was never served.[2]

On June 22, 1972, almost four years following the date of appellant's injury, appellant reissued the praecipe for writ of summons. Again in violation of the local court practice which prevails in Allegheny County, appellant failed to deliver the writ to the sheriff. This writ was never served.

On January 30, 1973, appellant filed a *third* praecipe in order to reissue the writ of summons. This time, however, appellant's attorneys complied with the local court practice and delivered the writ, and a complaint, to the sheriff. The sheriff subsequently served this writ and the complaint on the defendant-appellees.[3]

The appellees, Revest, Inc., and Ronald Heurich, raised the defense of the statute of limitations by new matter, contending that appellant had not tolled the running of the statute due to his failure to deliver the writ to the sheriff for service after having filed the

---

[1] Allegheny County's requirement that a plaintiff must deliver the writ to the sheriff for service is so well-known, although not published, that one writer noted this practice in his Comment. *The Zarlinsky Rule: A Judicial Period of Limitations*, 34 U. Pitt. L. Rev. 625, 634 n. 38 (1973).

[2] I specifically disagree with that part of the Majority Opinion which refuses to equate a plaintiff's "hold" order in counties in which the Prothonotary, as part of his duties, delivers the writ to the sheriff and the facts of the present case—i.e., where the plaintiff himself fails to deliver the writ to the sheriff in counties which require that action as a condition precedent to service of process. I do not equate this situation to that in which the failure of service was not caused by the plaintiff.

[3] The complaint did not begin process under these facts, for the plaintiff-appellant elected to institute his suit by summons. The complaint, therefore, was merely a pleading. For the complaint to be process, it must be sole process. *Yefko v. Ochs*, 437 Pa. 233, 263 A.2d 416 (1970); 1 Goodrich-Amram Procedural Rules Service, §1007-6.

praecipe.  I agree with this contention, and, therefore, would affirm the order of the lower court in dismissing the actions against Revest, Inc. and Ronald Heurich.

Unlike the Majority, I feel that appellant's failure to deliver the writ to the sheriff is equivalent to the affirmative "hold" orders found in *McCrystal*[4] and *Peterson*.[5]  The effect of the "hold" order in *McCrystal* and *Peterson* was to prevent the sheriff from serving the defendant with notice of the action filed against him.  Or, in the words of the *Peterson* Court, "the 'hold' order by Plaintiff on the summons naming Valley as a defendant makes the summons a nullity."  435 Pa. at 240, 255 A.2d at 582.

The plaintiff-appellant's failure to carry the writ to the sheriff had the same effect as the "affirmative" action of marking the summons "hold."  That is, the sheriff was prevented from carrying out his duty to serve the defendant.

I fail to see a substantive distinction between the *Peterson* facts and those of the instant case.  In *Peterson,* at the plaintiff's request, the sheriff did not serve the summons.  In the case now at bar, the sheriff did not serve the summons because plaintiff-appellant did not deliver it to the sheriff.  Both of these plaintiffs withheld service of process, and neither should benefit from such action (or inaction) by a ruling which would toll the statute of limitations.

I do not believe that the intent of the Rules of Civil Procedure is to permit a plaintiff to have a praecipe reissued again and again without making a good faith attempt to serve the defendant notice of the action filed against him.[6]  As the court below, per Judge SILVESTRI,

---

[4] *McCrystal v. Berczel,* 8 Mercer 75 (1965).

[5] *Peterson v. Philadelphia Suburban Transportation Company,* 435 Pa. 232, 255 A.2d 577 (1969).

[6] In *Lamp v. Heyman,* 33 Beaver Co. L.J. 164, 165 (1974), where plaintiff marked the writ "Issue and hold," Judge SALMON

stated in its opinion in the instant case: "The action, if commenced within the statutory period, tolls the statute of limitation for an additional like period, but in order to have a viable law suit which can be prosecuted to judgment, jurisdiction must be acquired over the defendant and to do so the defendant must be served in such manner as is required by statute or rule relating to the particular form of action. If service is never made upon the defendant as may be required, the action can never be brought to a conclusion regardless of how often or for how long the statute of limitation may be tolled." *Anderson v. Bernhard Realty Sales Company, Inc.,* 122 P.L.J. 249, 251 (1974). See also the Concurring Opinion of Judge SWEET in *Kovalcik v. G. C. Murphy Co.,* 53 D. & C. 2d 402, 406 (1971).

To construe the Rules of Civil Procedure as the Majority has, creates a change from prior procedures which is not authorized by the Rules. This construction also nullifies the effect and purpose of the applicable statute of limitations governing the filing of actions; that is, to remedy a delay in asserting a legal right which it is practicable to assert, and to deny process to one who sleeps on his rights while process is available. *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959).

---

stated the following, which equally applies to the instant case: ". . . Of paramount importance is the meaning of the word, 'issue.' In Guinto v. Philadelphia Fire & Marine Insurance Company, 21 D. & C. 573, 576 (1934), it was said that '. . . a writ of summons is sued out or issued when in pursuance of a praecipe it has been prepared by the prothonotary, marked filed, indexed, and docketed, and given to an officer of the court or the sheriff or deputy sheriff for the purpose of having the same served.' (citing Johns' Estate, 253 Pa. 532 (1916). Issuance of a writ then entails more than the mere production of a document within the prothonotary's office. It entails all the steps listed above, including *delivery to the sheriff* for the purpose of having it served. . . ."

Rule 1007 of the Pennsylvania Rules of Civil Procedure provides: "An action may be commenced by filing with the prothonotary (1) a praecipe for writ of summons. . . ." and Rule 1009 provides: "The writ . . . shall be served by the sheriff within thirty (30) days after issuance. . . ."

When an action is brought by filing a praecipe and service is attempted by the sheriff within this 30-day period, as a general rule, the statute of limitations which governs the commencement of the action (e.g., two years for filing trespass cases) is tolled. A vigilant plaintiff who brings his suit and attempts notification to the defendant is thus protected from a claim by his adversary that the action cannot be prosecuted to completion and enforced after judgment.

The intention of R. C. P. 1007 is to protect the diligent plaintiff from the bar of the statute of limitations "if *he* acts in time, but *someone else* fails to act in time." *Salay v. Braun,* 427 Pa. 480, 484, 235 A.2d 368, 371 (1967).

In *Gibson v. Pittsburgh Transportation Company,* 311 Pa. 312, 166 A. 842 (1933), the Pennsylvania Supreme Court set forth the rationale for its holding that the statute is tolled as of the date suit is filed, and not from the date of service. The *Gibson* Court felt that tolling from the date of filing would protect a plaintiff from entry of a non pros. if defendant was not served before the statute of limitations expired, because the *prothonotary or other clerk entrusted with the writ failed to deliver it to the sheriff,* and so prevented service on the defendant.

And in *Mayo v. James Lees & Sons Company,* 326 Pa. 341, 342, 192 A. 459 (1937), our Supreme Court stated that a plaintiff "cannot procure the writ and remain inactive indefinitely. Where a writ, which is obtained within the statutory period and delivered to the sheriff for service in due time, is returned *nihil habet* or

*non est inventus,* the law considers plaintiff as having been diligent and treats his conduct as tolling the statute [of limitations]."

This Court has previously noted the untenable position in which an unserved defendant is placed by the Majority's interpretation of the Rules of Civil Procedure. In *Zoller v. Highland Country Club,* 191 Pa. Superior Ct. 207, 210-11, 156 A.2d 599, 601 (1959), this Court stated: "Appellant argues vigorously that, under the lower court's interpretation of the Pennsylvania Rules of Civil Procedure, it would be 'possible for a Plaintiff to file an orginal praecipe and do nothing else except file subsequent praecipes for reissuance every two years ad infinitum, and then, whenever the Plaintiff desires, have such reissued writ served by the Sheriff, be it ten, twenty or any number of years after the occurrence in which the personal injuries were sustained. This is, we submit, an absurdity and in complete derogation of the purposes and objectives for which the Statutes of Limitations have been adopted'. While we are not without sympathy for this argument, it should be addressed to the members of the Procedural Rules Committee."

We are faced today with a problem similar to that in *Zoller;* the difference being, as this writer perceives it, that in *Zoller,* the record did not disclose why the sheriff did not serve the original writ, but in the instant case, we know that the plaintiff prevented service by not lodging the writ with the sheriff.

That a plaintiff could extend the statute of limitations as long as he chose by merely issuing a praecipe, yet hold the legal process in abeyance by preventing service for an indefinite period of time would be a serious flaw in our system of jurisprudence. This is particularly so as a plaintiff is protected, under our Rules of Civil Procedure, from a failure of service when he is not at fault, by R. C. P. 1010.

Should the sheriff be unable to serve the defendant as required by R. C. P. 1009, R. C. P. 1010 permits the reissuance of the writ and again mandates a maximum period of 30 days in which to serve the reissued writ. Rule 1010 has modernized the old procedural concepts of the alias and pluries writs, by which plaintiffs kept alive their suits when service could not be made by the return day. Under the former system, before an alias or pluries writ would operate to toll the statute (and even though the writ had been issued prior to the expiration of the statutory period) the original summons had to be returned, marked *non est inventus* or *nihil habet*. *Bovaird & Seyfang Manufacturing Company v. Ferguson*, 215 Pa. 235, 64 A. 513 (1906) ; *Rees v. Clark*, 213 Pa. 617, 63 A. 364 (1906). A plaintiff who did no more than file the alias could not continue to keep his action alive after having issued a summons unless he undertook prompt service. If service could not be made and the writ was returned *n.e.i* or *nihil habet*, the law tolled the statute as a reward for plaintiff's diligence. Thus, the rule developed that a plaintiff could re-issue the writ (i.e., file the alias) within the statutory period beginning from the impetration (issuance) of the unserved writ. *Mayo v. James Lees & Sons Company, supra; Rees v. Clark, supra*. Under the old system, if a plaintiff failed to file the alias writ and/or failed to have it served as of the return day, his action was considered "abandoned."

In *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961), the Pennsylvania Supreme Court noted that R. C. P. 1010 was adopted as a substitute for the alias-pluries system, and that the same limitations which had applied to the issuance of an alias or pluries writ would be applied to the reissuance of a praecipe under R. C. P. 1010.[7] Far from removing the requirement of prior pro-

---

[7] "Prior to the adoption of the Pennsylvania Rules of Civil Procedure, we held on a number of occasions that, when a statute of

cedure that it was necessary for the sheriff to return service of process as a prerequisite to the issuance of an alias, R. C. P. 1010 reinstated that requirement as a condition to the reissuance of a praecipe.

The most recent statement of this Court concerning the tolling of the statute is found in *Bayshore v. Jackson*, 223 Pa. Superior Ct. 568, 569, 302 A.2d 438, 439 (1973), where it was stated: "In her appeal appellant first argues that the filing of the writ of summons on August 8, 1968, tolled the statute of limitations. However, we do not find it necessary to answer that question because, assuming that it did toll the statute, *it only tolled it for 2 years from August 8, 1968, because it was never served on the appellees.* Mangino v. Lieber, 442 Pa. 594, 277 A.2d 823 (1971); Zarlinsky v.

---

limitations required an action to be brought within a specified period of time and such an action was instituted by the issuance of a writ of summons against the defendant which was not served, the plaintiff could continue process to keep his cause of action alive by the issuance of an alias writ of summons, but that he had to do so within a period of time which, measured from the issuance of the original writ, was not longer than the time required by the applicable statute of limitations for the bringing of the action, and that subsequent pluries writs of summons had to be issued within the same period of time measured from the issuance of the preceding writ. . . . Thus it was, that this court imposed a rule of limitation for the continuing of process to keep alive an action by analogy to the statute of limitations for the bringing of the action. . . .

"Specifically, Rule 1010(b) provides that 'A writ may be reissued . . . at any time and any number of times.' This Rule is inadequately worded and its language must be construed by reasonable interpretation. The same limitation is to be applied to the time in which a writ of summons may be *reissued* as was formerly applied for *the issuance* of an alias or pluries writ, i.e., a writ of summons may be reissued only for a period of time which, measured from the date of original issuance of the writ, or the date of a subsequent reissuance thereof, is not longer than the period of time required by the applicable statute of limitations for the bringing of the action." *Zarlinsky v. Laudenslager*, 402 Pa. 290, 294-95, 167 A.2d 317, 319-320 (1961).

Laudenslager, 402 Pa. 290, 167 A.2d 317 (1961). Appellant's failure to do anything within those 2 years was fatal to her claim." [Emphasis added.]

Construing R. C. P. 1010 as requiring plaintiff to attempt service before reissuing the writ or be subjected to the bar of the statute of limitations is consistent with Rule 126 of the Pennsylvania Rules of Construction which requires liberal construction "to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." A just, speedy and inexpensive determination is not possible if a plaintiff is permitted to toll the statute indefinitely without ever attempting to join the issue by serving the defendant.

In *Peterson v. Philadelphia Suburban Transportation Company,* 435 Pa. 232, 239-40, 255 A.2d 577, 581 (1969), the Supreme Court discussed the requirement of service, stating that without service, there can be no party-defendant, and consequently, no viable lawsuit: "An action may be commenced by filing with the prothonotary a praecipe for a writ of summons. The writ must be served within thirty (30) days after issuance. Reissued writs must be served within thirty (30) days after reissuance. Pa. R. C. P. 1007, 1009, 1010(d). It is basic to our whole system of the trial of lawsuits that service of process be made, and timely made. Normally, in actions *in personam*, the service must be personal service or an authorized substitute therefor. The fundamental and indispensable nature of the service requirement permeates the decisional and statutory law of this Commonwealth, and needs no demonstration here." No writ of summons left the Prothonotary's Office within 30 days and no defendant was properly or timely joined as a party to the instant suit.

The Supreme Court has indicated its desire to expedite efficient litigation and to prohibit delayed litigation on many occasions. In *Waring Bros. & Co. v.*

*The Pennsylvania Railroad Company,* 176 Pa. 172, 177, 35 A. 106, 107 (1896) the Court stated: ". . . No honest man would be willing to live in a country where the law would require him to prove the actual falsehood and injustice of every stale claim which malice or cupidity might dig up against him. Hence we have statutes of limitation. . . ."

And in *Ulakovic v. Metropolitan Life Insurance Company,* 339 Pa. 571, 575-76, 16 A.2d 41, 43 (1940), the Court reiterated: ". . . The legislature has by proper enactment given expression to the feeling of mankind as to when actions to redress wrongs should be brought. . . . These acts and similar acts, which cover all forms of actions, provide time limitations of not more than six years and in many instances much shorter periods of limitation. These and similar legislative enactments are expressive of the feeling of mankind that where there are wrongs to be redressed, they should be redressed without unreasonable delay, and where there are rights to be enforced, they should be enforced without unreasonable delay."

To further its policy of expediting pending cases, the Supreme Court adopted Rule 1901 of the Pennsylvania Rules of Judicial Administration, which directs the Courts of Common Pleas to terminate cases which have been docketed, but inactive, for two years—a period of time which the court terms "unreasonable" in the preamble to Rule 1901.

Judge SILVESTRI concluded, after consideration of these policies of the Supreme Court: "[s]ince an action is commenced by the filing of process, it is a pending matter. A pending matter cannot be brought to a final conclusion promptly, if the filing thereof tolls the statute of limitations and continues to toll the statute by the mere reissuance . . . of the matter without more within the extended statutory period." 122 P.L.J. at 257.

From these announced policies of the Supreme Court and the Legislature, I believe that the purposes of the Rules of Civil Procedure and of the Statute of Limitations can only be met when the statute is tolled if the plaintiff attempts a service, in good faith and within the allowable period, and not otherwise.

The Majority endeavors to equate the instant case with *Donahey v. Mattox*, 228 Pa. Superior Ct. 8, 323 A.2d 167 (1974). The instant case, however, is clearly distinguishable and the holding of *Donahey* is inapposite to the present situation.

*Donahey* involved the issue of whether the filing of a praecipe by a plaintiff who *unintentionally* failed to pay the sheriff's fee, and thereby prevented service of process, commenced an action and tolled the statute. The writ was not served because the secretary of the plaintiff's attorney, who filed the writ, had not known of the separate fee required by the sheriff and, therefore, did not pay it. Upon learning that the writ had not been served, approximately 6 months after the statute had expired, plaintiff *immediately* reissued the writ and caused it to be served. The *Donahey* Court determined that there was *"no deliberate attempt* on the part of plaintiffs to prevent service and, *therefore*, [held] that the action was commenced by the filing of the praecipe which tolled the statute of limitations for another 2-year period." 228 Pa. Superior Ct. at 9, 323 A.2d at 168. [Emphasis added.]

The instant case presents *no* such justification for appellant's failure to deliver the writ and to institute service. To hold that a plaintiff may file an action, yet never undertake service of that action frustrates the purpose of statutes of limitations;[8] and the frustration of purpose is not avoided by permitting a defendant

---

[8] The court in *Lamp v. Heyman, supra*, indicated its belief that when a plaintiff attempts to use the rule permitting reissuance of writs as an "offensive weapon," rather than as it was intended—

who may be served years after the actionable injury arose to non pros. plaintiff's suit. The remedy of non pros. available to a defendant when a plaintiff fails to proceed with his action within a reasonable time "rests within the discretion of the lower Court." *James Brothers Company v. Union Banking and Trust Company of DuBois,* 432 Pa. 129, 132, 247 A.2d 587 (1968). And see *Gallagher v. Jewish Hospital Association of Philadelphia,* 425 Pa. 112, 228 A.2d 732 (1967); *Poluka v. Cole,* 222 Pa. Superior Ct. 500, 295 A.2d 132 (1972).

A remedy which is discretionary with the trial judge is not an adequate protection for a defendant in such cases as this, particularly in light of prior case authority to the effect that the right to a non pros. may be waived. See *Poluka v. Cole, supra; Pennsylvania Railroad Company v. Pittsburgh,* 335 Pa. 449, 6 A.2d 907 (1939). And in addition, the use of non pros. in such instances would penalize a defendant by placing on him the burden of establishing the plaintiff's unreasonable delay in prosecuting the suit.

Other time limits established by the Rules of Civil Procedure have been held to be mandatory,[9] and there is no valid reason to construe those limitations established by Rules 1009 and 1010 differently from other statutory limitations.[10]

---

i.e., to protect plaintiff from someone else's failure of ministerial duties (See *Salay v. Braun,* 427 Pa. 480, 484, 235 A.2d 368, 371 (1967)—the resultant effect on the Statute of Limitations runs counter to the *raison d'etre* of the statute).

[9] See *Thomas v. McLean,* 365 Pa. 526, 76 A.2d 413 (1950) (time for taking appeals is mandatory); *Fisher v. Hill,* 368 Pa. 53, 81 A.2d 860 (1951) (time for filing responsive pleadings is mandatory unless extended by agreement of parties or leave of court upon showing of no prejudice to plaintiff); *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971) (late filing of pleadings is permitted only if opposite party is not prejudiced and justice so requires).

[10] Some possible prejudices to the defendant which result from the Majority's interpretation of these rules have been treated by

In conclusion, I would like to note that after a well-reasoned discussion of a problem similar to that of the instant case, one writer[11] has suggested that a new R. C. P. 1010 should be adopted in order to clarify the Rule's intent and to provide a more equitable position between plaintiffs and defendants. The relevant portions of his suggestions are set forth in the margin.[12]

Judge SWEET in his Concurring Opinion in *Kovalcik v. G. C. Murphy Co.*, 53 D. & C. 2d 402, 405-09 (1971). Others include the defendant's possible loss of the right to take depositions (R. C. P. 4003, 4004), to inspect documents (R. C. P. 4009), and to require the adverse party to submit to physical and mental examinations—a particularly important right in personal injury cases (R. C. P. 4010).

[11] *Comment, The Zarlinsky Rule: A Judicial Period of Limitations*, 34 U. Pitt. L. Rev. 625, 643-44 (1973).

[12] ". . . Certainly, the plaintiff should have an opportunity to obtain good service on the defendant after the commencement of his action. If service cannot be obtained immediately, plaintiff should have a reasonable time in which to reissue his writ of summons, or reinstate his complaint, and attempt service again. But when he is given a period of time equal to the period of the appropriate statute of limitations, and he utilizes that entire period, the effects on the defendant might well be disastrous. A defendant who is without knowledge of a pending lawsuit for [a] long period of time will not be able to prepare his defense as effectively as he would have been able to had he been given notice promptly. Not only will his memory and those of his witnesses have faded, the effectiveness of the discovery process will also have diminished.

. . . .

"It is submitted that the *Zarlinsky rule* [that is, the rule which creates a period of time analogous to the statute of limitations, within which a writ must be reissued in order to keep the action alive] should be amended by the passage of a new Rule of Pennsylvania Civil Procedure. Attempted service of process at the commencement of an action should be *mandatory*. In addition, Rule 1010(b)* should be amended to read: 'A writ may be reissued or a complaint reinstated at any time within ninety days of the original writ or complaint or the date of any subsequent reissuance or reinstatement, respectively, thereof.' There seems to be no prejudice to the plaintiff to require him to attempt service of process with every filing, whether it be the original writ or complaint or any

For the above reasons, I would affirm the order of the lower court with regard to Appeal No. 82, and reverse and remand with regard to Appeal No. 117.

---

subsequent one. At the same time, the interests of the defendant will be served by such a rule. He will be given notice promptly so that he will have sufficient opportunity to prepare his best defense." Id. at 644. *[Footnote omitted.]

---

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the action of the Majority and I would affirm the order of the court below in all respects.