## Allstate Insurance Company v. Erie Insurance Exchange

*Phillip M. Gilligan*, for plaintiff.
*Russell M. Nigro*, for defendant.

JENKINS, *J.*, February 9, 1979—

## PROCEDURAL HISTORY

Plaintiff filed its complaint in trespass and assumpsit, alleging (in Count I) negligence of defendant's insured, and (Count II) wrongful disclaimer of liability under an insurance policy.

Defendant filed an answer to Count I, and in preliminary objections to Count II, raised the bar of the statute of limitations.

Plaintiff responded with a motion entitled plaintiff's preliminary objections to defendant's preliminary objections, and defendant filed an answer thereto.

## OPINION

Both sides of this dispute are in violation of certain of the Pa. Rules of Civil Procedure and therefore this court must endeavor to straighten out the resulting confusion before deciding the merits.

Rule 1017(a) provides a list of the pleadings allowed, and in relation to preliminary objections allows, "[A] preliminary objection, and an answer thereto."

There is no such pleading as "preliminary objections to preliminary objections," and plaintiff's pleading so entitled here is stricken. The so-called answer to that pleading (which does not raise Rule

1017(a)) is stricken as well. This leaves us only the original preliminary objections to rule on, and neither party is prejudiced as the rules and docket entries cited in the stricken pleadings are largely within this opinion.

Plaintiff's complaint was filed July 13, 1978, and states in paragraph 3 of Count I that the accident involving defendant's insured occurred on September 3, 1975. Clearly the statute of limitations is involved, but the question remains as to whether defendant has properly raised this issue by preliminary objection.

Rule 1017(b)(4) provides that a preliminary objection in the nature of a demurrer may include the bar of a *nonwaivable* statute of limitations. The statute involved in this case (Act of June 24, 1895, P.L. 236, 12 P.S. §34) which is applicable to personal injury matters, must be nonwaivable (i.e., operate to destroy plaintiff's right of action as opposed to operating as a remedial bar), in order to be within the rule. Otherwise, it must be pleaded as an affirmative defense by way of new matter in a responsive pleading: Rule 1030; Ziemba v. Hagerty, 436 Pa. 179, 259 A. 2d 876 (1969).

The law is clear however, that 12 P.S. §34 is waivable by a defendant: Anderson v. Bernhard Realty Sales Co., 230 Pa. Superior Ct. 21, 329 A. 2d 852 (1974). The issue is therefore not properly raised and defendant's preliminary objections are denied as per the accompanying order.

## ORDER

And now, February 9, 1979, upon consideration of defendant's preliminary objections, it is hereby ordered and decreed that these preliminary objections are denied.