## Bittler, Admx. v. Rocco Bono Equipment Rentals

*William D. Irwin,* for plaintiff.

*Albert E. Acker* and *George H. Rowley,* for defendants.

STRANAHAN, J., January 20, 1966.—On December 23, 1962, William A. Bittler was involved in an auto-

mobile accident in the vicinity of West Middlesex, Pa. The car he was operating at that time struck a road grader being operated by defendant, Orie Rhoades. Defendant is alleged to be the servant and employe of Rocco Bono Equipment Rentals and Rocco Bono Construction Company, both of which are defendants in this matter. It is also alleged that at the time of the accident, the grader was being used on behalf of the County of Mercer in clearing snow from a Mercer County highway, and, therefore, the County of Mercer has been named as a defendant.

On December 30, 1962, William A. Bittler died, and Ruth E. Bittler has qualified as administratrix of his estate.

The problem involved at the present time is a procedural matter, therefore, it is necessary to set forth the chronological events as they concern the filing of various pleadings.

On December 20, 1963, plaintiff filed a praecipe for a summons in trespass, naming Rocco Bono Equipment Rentals and Rocco Bono Construction Company as defendants. At the time the praecipe was filed, plaintiffs counsel requested the Prothonotary of Mercer County to mark it "hold". This was done by the prothonotary, as indicated on the praecipe, and no writ was issued.

On December 30, 1963, an amended praecipe for a summons in trespass was filed by plaintiff, in which Rocco Bono Equipment Rentals, Rocco Bono Construction Company, the County of Mercer and Orie Rhoades were named as defendants. No effort was made on the part of plaintiff to comply with Pennsylvania Rule of Civil Procedure 2232 (c), which provides, in substance, that to join additional persons it is necessary that an order of court be obtained. This was not done.

On December 18, 1964, plaintiff filed a praecipe directing the prothonotary to reinstate the praecipe. In this praecipe for reinstatement, all four of defendants,

as named in the amended praecipe, were again named. On the same date, the prothonotary issued a writ of summons in trespass against the four defendants.

On December 21, 1964, a complaint in trespass was filed, and the complaint, together with the writ, was served on the various defendants.

As a result of all this, a motion for judgment on the pleadings has been filed by Rocco Bono Equipment Rentals, Rocco Bono Construction Company and Orie Rhoades. This motion requests that a judgment on the pleadings be entered in favor of defendants above named, and dismissing "Wrongful Death Action" for the reason that the statutory period of one year has expired, and further asking that Orie Rhoades be dismissed from the entire action, including the "Survival Action", since he was not properly made a party to the action, in that plaintiff did not comply with rule 2232(c).

The court has also before it a preliminary objection in form of a motion to strike, brought by the County of Mercer, which preliminary objection prays that the writ and plaintiff's amended complaint be stricken, because the County of Mercer was never properly made a party to this action under rule 2232(c).

Both of these motions are based on the same background and will be disposed of together, since the law that is applicable applies in both instances.

The first problem to be disposed of concerns the praecipe filed December 20, 1963, which names Rocco Bono Equipment Rentals and Rocco Bono Construction Company as defendants. This is the praecipe that was marked "hold", and at the request of plaintiff's counsel, no writ was issued. The first question the court must decide is what effect the instruction to "hold" had on the praecipe.

By strange coincidence, this court has within the last few months answered this problem in two opinions. The

first opinion is in the case of Brant v. Gill, 7 Mercer 76. More recently, an opinion was written by Judge Leo H. McKay in the case of McCrystal v. Berczel, June term, 1964, no. 82. In the latter opinion, the court states:

"However, when the plaintiff went further and notified the Prothonotary to hold the praecipe, in effect they *nullified* their action in filing it. In other words, while purporting to commence an action, they expressly prevented the commencement of it by simultaneously stopping and thereby *nullifying* the effect of their praecipe".

The above-quoted language would indicate that the praecipe filed on December 20, 1963, was a nullity. Such being the case, this praecipe should be disregarded. Disregarding the praecipe, the next activity in the case occurred on December 30, 1963, when an "amended" praecipe was filed, and defendants Orie Rhoades and the County of Mercer were added. Since this marked the first pleading in the case, it was actually an original praecipe, even though plaintiff, because of the circumstances, labeled it an "amended" praecipe, and this being the original pleading, there was no need to comply with rule 2232(c). It does appear unusual that the amended praecipe filed on December 30, 1963, did not have a writ of summons in trespass issued at that time, and it is unusual that the summons was not served within a reasonable time thereafter. However, this was not done, and there is no explanation given as to why it was not done, and, therefore, this court must assume that there is some valid reason why the writ was not issued and served in response to the praecipe.

On December 18, 1964, plaintiff, by praecipe, directed the prothonotary to reinstate the amended praecipe, which plaintiff had the right to do under Pa. R. C. P. 1010. Under these rules, a reinstatement could be made at any time before December 30, 1964, which would

mark the period when the statute of limitations would have again passed. With this interpretation of the various pleadings filed by plaintiff, it is now possible to dispose of the motions before the court.

As to the motion for judgment on the pleadings, the motion is refused, and it is held that Rocco Bono Equipment Rentals, Rocco Bono Construction Company and Orie Rhoades are proper parties to this suit.

The preliminary objections filed by the County of Mercer, in the nature of a motion to strike the County of Mercer from the writ and plaintiff's amended complaint, are refused.

ORDER

And now, January 20, 1966, the motion for judgment on the pleadings by Rocco Bono Equipment Rentals, Rocco Bono Construction Company and Orie Rhoades is refused; the preliminary objection in the nature of a motion to strike filed by the County of Mercer is refused.