## Wiener v. Gemunden

*Martin Greitzer*, for plaintiffs.

*Joseph A. Keating, Jr.,* for defendant.

HIRSH, J., November 15, 1972.—Defendant, Anna R. Gemunden, has filed preliminary objections to plaintiff's complaint in trespass, alleging lack of personal jurisdiction. The case arises out of an automobile accident which occurred on February 23, 1969. Although a summons was prepared and filed on February 22, 1971, within the two-year Statute of Limitations, and the filing fee of $15.50 was paid, plaintiffs failed to pay the sheriff the fee for service of the summons until November 10, 1971.

Defendant contends that the failure to pay a sheriff's fee and the failure to transmit the summons for service is tantamount to a positive command to the prothonotary to hold the proper service of the writ, rendering it a nullity. Defendant cites in support of this contention Peterson v. Philadelphia Suburban Transportation Company, 435 Pa. 232 (1969), and Bittler v. Rocco Bono Equipment Rentals, 38 D. & C. 2d 458 (1966). Those cases, however, are distinguishable from the case at bar in that they involve a *deliberate* action of plaintiffs in directing the sheriff not to serve the writ. Here, plaintiffs innocently assumed that the single fee requested by the prothonotary's office would satisfy the costs both of filing and of serving the papers. As soon as plaintiffs learned of the confusion, they acted promptly to reissue the documents.

We agree that there has been no deliberate action by plaintiffs to prevent service of the writ, and that defendant's objections should be overruled.

We find support for our rationale in a recent Superior Court opinion in Meta v. Yellow Cab Company of Philadelphia, 222 Pa. Superior Ct. 469, wherein the court refused to quash an appeal from compulsory arbitration where appellant had paid the $120 arbitrator's fee and a portion of the filing fee but had inadvertently neglect-

ed to include an additional $7.75 for record costs. The court cited with approval Judge Hoffman's view of substantial compliance stated in Beth-Allen Sales Co. v. Hartford Insurance Group, 217 Pa. Superior Ct. 42, 268 A.2d 203 (1970):

"This decision is based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dismissed with prejudice."

Without addressing ourselves to the question of the reasonableness of using a filing or service fee as a bar to jurisdiction, we find that plaintiffs are not to be penalized for their inadvertent oversight which they attempted to rectify as soon as they had learned of the error.

Accordingly, it is therefore ordered and decreed that defendant's preliminary objections to plaintiff's complaint are overruled.