## Texter v. Guidon

*Alvin B. Lewis, Jr.,* of *Lewis, Brubaker, Whitman & Christianson,* for plaintiff.

*James T. Reilly,* of *Egli, Walter, Reilly & Wolfson,* for defendant.

GATES, P. J., October 25, 1974.—This matter is before us on defendant's motion for judgment on the pleadings. The posture of the record is this:

On September 4, 1973, plaintiff filed a praecipe for summons in trespass against Catherine S. Guidon, Peter T. Guidon and Annville-Cleona School District. Plaintiff requested the sheriff to hold off serving the summons until further directions were received from plaintiff's attorney.

The accident which gives rise to this lawsuit occurred on September 7, 1971. Consequently, the praecipe for writ of summons and the writ of summons were filed within the two-year period of the statute of limitations.

However, it was not until January 4, 1974, that the complaint was filed demanding damages against defendants, Catherine S. Guidon and Peter T. Guidon, only. The sheriff was directed specifically not to serve the third defendant, Annville-Cleona School District. The complaint was served upon the individual defendants on January 22, 1974.

On February 4, 1974, defendant filed an answer and new matter. Under new matter, defendant raises the issue that the case is barred by the statute of limitations because it was not properly commenced within the two-year period dictated by the statute of limitations in personal injury cases. Plaintiffs replied on February 25, 1974, admitting that they temporarily withheld service of the writ of summons in anticipation that a complaint would be filed shortly, but was delayed for reasons set forth in the reply that additional time was necessary to calculate damages and determine whether or not to proceed against the third defendant, Annville-Cleona School District.

Thereafter, on April 24, 1974, the individual defendants moved for judgment on the pleadings.

The statute of limitations applicable to personal injury cases is the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34. In pertinent part, it is as follows:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, . . . must be *brought* within two years from the time when the injury was done and not afterwards." (Emphasis supplied)

The simple inquiry is this: When is a lawsuit "brought?"

Pennsylvania Rule of Civil Procedure Rule 1007 is certainly clear and unambiguous:

"An action may be commenced by filing with the prothonotary

"(1) a praecipe for a writ of summons."

It seems almost logically unassailable that the mere filing of the praecipe with the prothonotary constitutes the bringing of the lawsuit. Thus, if it is filed within the statute of limitations the action is timely instituted even though service of process may

occur for a variety of reasons after the statute of limitations has expired.

We are impressed by an opinion written by the Hon. Howard W. Lyon in Brua, Admrx. v. Bruce-Merrilees Electric Co., 63 D. & C. 2d 652 (1973). Judge Lyon was faced with an identical factual situation. There, the praecipe for writ of summons was filed within the permitted statutory period. Plaintiff's counsel instructed the prothonotary to temporarily delay in having the writ served until counsel could have a complaint prepared which could be served with the summons. The complaint and summons were, in fact, served after the expiration of the allowable statutory time limit. Judge Lyon, in an exhaustive opinion, analyzes both the appellate and lower court cases which collide in logic and in application. He concludes that it is the filing within the statutory period which tolls the running of the statute of limitations and does not depend upon the date of service of the summons, writ or complaint upon defendant. With him, we agree.

It is obvious that the rule offends the historic reason for having statutes of limitations. The theory behind the need for a statutory period of time within which to commence a lawsuit is to unnerve a potential defendant in a trespass suit after he has waited two years without knowing if he is going to be sued. But the peace and tranquility of potential defendants were not in the minds of the Civil Procedural Rules Committee because they did not require service upon defendant or notice to defendant in determining when a lawsuit is initiated.

Lewis M. Tarasi, Jr., Esq., of the Allegheny County bar, writing for the Pennsylvania Trial Lawyers Association publication The Barrister (Volume IV,

No. 2, June-July, 1974), acknowledges that this is the rule in Pennsylvania. As an appendix to his article, he lists eight cases which support our finding and distinguishes those cases cited by defendants in their brief. Mr. Tarasi does have some apprehension about the recent Superior Court decision Donahey v. Mattox, 228 Pa. Superior Ct. 8 (1974), decided April 3, 1974. In the Donahey case, the Superior Court recognized the general rule to be that the filing of the praecipe, irrespective of whether the prothonotary issues the writ or the sheriff serves it, commences an action under Pa. R. C. P. 1007 and this alone is sufficient to toll the statutory limitations for another statutory period in which the writ may be issued and served on defendant. In Donahey, plaintiff's counsel's secretary unknowingly failed to pay the sheriff's fee which accounted for the reason the sheriff did not serve the summons within the statutory period, even though the praecipe and writ were, in fact, filed within the period of the statute of limitations. Mr. Tarasi's concern is that the language employed in the opinion, by implication, may seriously change the law in this area because the Superior Court noted that there was no "deliberate act by the plaintiff" to negate the effect of the filing of the praecipe. The implication was that if a plaintiff does a deliberate act, such as a "hold service order," the mere filing within the period of statute of limitations would not toll it. But we outside the command post must not tremble at implications. It is difficult enough for us to keep our eye on the ball of rules. If the effect of Rule 1007 of the Pennsylvania Rules of Civil Procedure offends the philosophy behind statutes of limitations, that matter should be directed to the Civil Procedural Rules Committee and not to the Court

of Common Pleas of Lebanon County. That committee might well consider that the deliberate avoidance of service of process for two years might frustrate a plaintiff's case if the rule is changed. So far as we are concerned, stare decisis.

## ORDER

And now, to wit, October 25, 1974, defendant's motion for judgment on the pleadings is refused.