Reid, Appellant, *v.* Southeastern Pennsylvania Transportation Authority.

Argued June 11, 1974. Before WATKINS, P. J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (JACOBS, J., absent.)

*George Philip Stahl, Jr.,* for appellant.

*Lewis H. Van Dusen, Jr.,* with him *Joseph F. Keener, Jr., Emil F. Toften,* and *Frederick T. Lachat, Jr.,* for appellee.

OPINION BY WATKINS, P. J., December 11, 1974:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, that held that when a plaintiff-appellant filed a praecipe for a writ of summons, but failed to deliver the writ to the Sheriff for service, the statute of limitations is not tolled. The court granted a motion for summary judgment in favor of the defendant appellee, Southeastern Pennsylvania Transportation Authority (SEPTA).

In a similar case, *Anderson v. Bernhard Realty Sales Company, Inc.,* 230 Pa. Superior Ct. 21, 329 A.2d 852 (1974), this Court disagreed and reversed on the ground that the statute of limitations is tolled.

The following is a record of the facts in the instant case:

The appeal arises out of an action in trespass for personal injuries sustained by the appellant, Gilroy

Reid, on October 21, 1970, in a collision between a SEPTA trolley and a parked automobile. On November 3, 1970, the appellant notified SEPTA of his claim for damages and on October 20, 1972, the appellant filed a summons in trespass with praecipe in the office of the Prothonotary. The writ was not lodged with the Sheriff until the filing of the complaint on July 2, 1973. The statute of limitations was raised as an affirmative defense. The court below granted a motion for summary judgment in favor of the appellee. This appeal followed.

This case is controlled by our decision in *Anderson v. Bernhard Realty Sales Company, Inc.,* supra.

The summary judgment is reversed.

CONCURRING OPINION BY SPAETH, J.:

The lead opinion decides the present case on the basis of *Anderson v. Bernhard Realty Sales Company, Inc.,* 230 Pa. Superior Ct. 21, 329 A. 2d 852 (1974). This concurring opinion is submitted by way of stating my understanding of the scope of that decision.

In *Anderson,* a three judge plurality (Judge JACOBS, joined by President Judge WATKINS and Judge CERCONE) concluded that the statute of limitations is tolled if the plaintiff files a praecipe for a writ of summons, even if he fails to deliver the writ to the sheriff. Judge PRICE and Judge VAN DER VOORT each dissented. I concurred in the plurality opinion because its reliance on the prior cases seemed to me correct. I noted, however, that those cases should be overruled prospectively. It seemed to me that Rules 1007, 1008, and 1009 should be construed to mean that an action is not commenced so as to toll the statute of limitations until the plaintiff's attorney has done two things: first, he must have filed with the prothonotary either a complaint or a praecipe for a writ of summons, and second, he must have filed with the sheriff an attested

copy of the complaint or writ with an instruction to effect service. Judge HOFFMAN joined my concurring opinion. The opinions were filed on September 23, 1974.

It therefore appears from *Anderson* that four Judges (Judges HOFFMAN, PRICE, VAN DER VOORT, and I) believe that at least after September 23, 1974, filing with both the prothonotary and the sheriff is necessary to toll the statute of limitations.

Here, the accident occurred on October 21, 1970, the praecipe for a writ of summons was filed with the prothonotary on October 20, 1972, but nothing was filed with the sheriff until the complaint was filed on July 2, 1973. As these actions were prior to the filing of *Anderson,* the lead opinion properly, or so it seems to me, holds that the statute of limitations was tolled.

HOFFMAN, J., joins in this opinion.

---

DISSENTING OPINION BY PRICE, J.:

I respectfully dissent from the Majority Opinion in this case for the reasons already discussed in my Concurring and Dissenting Opinion in *Anderson v. Bernhard Realty Sales Company, Inc.,* 230 Pa. Superior Ct. 21, 329 A. 2d 852 (1974).

There is, however, one distinguishing factor to be pointed out in the instant case. In *Anderson,* the defendant, Bernhard Realty, had *no* knowledge that it would be required to defend a lawsuit until the statute of limitations had expired. The case now before us is not identical to *Anderson* in that respect, for in the instant case, appellant had informed appellee of his claim against SEPTA, in writing, on November 3, 1970. Appellee acknowledged notice of the claim on November 11, 1970. The parties entered into settlement negotiations subsequent to the acknowledgement.

Appellee was, therefore, aware of the possibility of a lawsuit should the settlement negotiations fail. However, awareness of the possibility of suit does not change the language or effect of the Rules of Civil Procedure, and does not control the outcome of this case.

On October 20, 1972, appellant filed a praecipe for a writ of summons in trespass with the Prothonotary. Appellant admits in his brief that the purpose for filing the praecipe was "to protect the cause of action from expiring" [Appellant's Brief, at 3] as the settlement negotiations were not completed. However, appellant did not in fact protect his claim, for he failed to comply with R.C.P. 1009, which requires service of process within 30 days of the issuance of the writ. On November 29, 1972, appellant was notified in writing that no settlement would be made. Despite this notification, appellant waited until July 2, 1973, to reissue the writ and institute service. Appellant asserts that the procedure he followed should be considered appropriate because: ". . . [a]ppellee, while luring and lulling appellant in questionable negotiations and conversations, must have expected the statute to run in its favor for that is what it now claims. After thinking the statute had run, appellee refused to recognize any claim of appellant or to discuss adjustment." [Appellant's Brief, at 6] This contention is not meritorious, for (1) the record contains no support for appellant's allegations, and (2) appellant could have protected himself merely by instituting service of process and so providing SEPTA with actual notice of the pendency of the suit. Should the settlement negotiations have succeeded, appellant could have withdrawn his action.

In the case at bar, as in *Anderson, supra,* if appellant wished to protect his claim, he had a duty to comply with the Rules of Civil Procedure, including R.C.P. 1009 which requires service of process within

30 days of the issuance of a writ of summons. Failing that duty, the appellant was not entitled to bring suit once the statute of limitations expired.

I would affirm the summary judgment.