## Weiand v. Continental Transportation Lines

*Geisenberger, Zimmerman, Pfannebecker & Gibbel*, for plaintiff.
*Daniel H. Shertzer*, for defendant.

JOHNSTONE, *P. J.*, May 9, 1975—This trespass action, involving only property damage, arose out of a collision which occurred on March 19,

1964. A summons in trespass was issued on March 18, 1970, but the sheriff did not serve the writ for the reason that plaintiff did not pay the sheriff's costs. A complaint was filed on November 4, 1970. By praecipe filed November 12, 1970, plaintiff directed the reissuance of the summons and reinstatement of the complaint. The writ of summons and the complaint were served on defendant on November 25, 1970.

Defendant filed an answer and new matter in which it is alleged that this action is barred by the statute of limitations, since the writ of summons was never served, and that under an intercompany arbitration agreement between plaintiff's and defendant's insurance carriers an arbitration award was made in favor of defendant's insurance carrier. Plaintiff filed a reply in which it is averred that the writ of summons was served on defendant on November 25, 1970, and that plaintiff's insurance carrier had no subrogation rights, since no payment was made to or for the benefit of plaintiff.

Defendant has filed its motion for judgment on the pleadings. Pa.R.C.P. 1034 authorizes the entry of a judgment on the pleadings but such a judgment may only be entered in cases that are free and clear of doubt. Such a motion is in the nature of a demurrer and all well-pleaded facts must be accepted as true: Hammermill Paper Co. v. Rust Eng. Co., 430 Pa. 365, 372, 243 A. 2d 389 (1968); Pa. State Spirit. Assn. v. 1st Ch. of S. R. & H., 430 Pa. 527, 529, 244 A. 2d 31 (1968); Bata v. Central-Penn National Bank of Philadelphia, 423 Pa. 373, 378, 224 A. 2d 174 (1966). The burden of showing that judgment should be entered on the pleadings rests on the moving party, defendant in this case: McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969).

The present case does not fall within the ruling in Peterson v. Philadelphia Suburban Trans. Co., 435 Pa. 232, 255 A. 2d 577 (1969), where the court held that the filing of a writ of summons with a hold order attached to it makes it a nullity. The writ of summons here was filed within the six-year period of the statute of limitations but was not served until some eight months later merely because the sheriff was not prepaid his costs. There is no indication in the record that failure to pay the sheriff's costs was done deliberately in an attempt to prevent service.

The case of Donahey v. Mattox, 228 Pa. Superior Ct. 8, 323 A. 2d 167 (1974), is authority for the proposition that where no deliberate act of plaintiff to negate the effect of the filing of the praecipe for summons exists, the action was properly commenced within the statutory period. The same decision was reached in Brau, Admx. v. Bruce-Merrilees Electric Co., 63 D. & C. 2d 652 (1973), on a similar state of facts. In both the Donahey and Brau cases, supra, the court refused to enter judgment on the pleadings.

The allegations in defendant's new matter concerning the liability insurance coverage and the arbitration agreement between the insurance carriers are not supported by copies of the insurance policies or the arbitration agreement, and at least some of the alleged facts are denied. Sufficient facts are not before the court which would make it possible for a judgment to be made on the pleadings. Defendant has not upheld its burden of showing that there are no facts at issue and that it is entitled to judgment as a matter of law.

And now, May 9, 1975, defendant's motion for judgment on the pleadings is denied.