## McConnell v. Porter

*Charles F. Sampsel,* for plaintiff.
*Eastburn & Gray,* for defendants.

BECKERT, *J.,* October 28, 1975—This trespass action arises out of injuries sustained by plaintiff as a result of a fall which occurred on defendants' premises on March 10, 1971. Suit was instituted on

March 8, 1973, by the filing of a praecipe for issuance of writ of summons. On the praecipe was handwritten the instruction "Please Do Not Serve." The writ was issued by the prothonotary but was not delivered to the sheriff for service. Plaintiff on March 6, 1974, filed a praecipe requesting that the writ of summons be reissued. At the top of that praecipe the words "NO SERVICE" were typed, and in the margin there was a handwritten notation "Do Not Send to Sheriff." The writ was reissued but not transmitted to the sheriff to be served. Again, on February 21, 1975, plaintiff filed a praecipe for reissuance of the writ, and the writ was reissued and delivered to the sheriff who served defendant, Helene M. Porter, on March 10, 1975.

Defendants have moved for judgment on the pleadings in their favor, and the essence of their request is their contention that the manner in which plaintiff instituted suit failed to preclude the running of the applicable statute of limitations, which, therefore, constitutes a bar to this action. This defense is raised in defendants' new matter filed in response to plaintiff's complaint, and has been properly put at issue by plaintiff's reply to new matter.

Defendants have averred that the applicable statute of limitations is that set forth in the Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 PS §31. However, since this action was brought for personal injuries not resulting in death, it would instead appear as though the Act of June 24, 1895, P.L. 236, sec. 2, 12 PS §34, would apply:

"§34. Limitation in cases of personal injury

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be

brought within two years from the time when the injury was done and not afterwards . . ."

Nevertheless, this discrepancy has not been challenged by plaintiff, and, since the period of limitation applicable under either statutory section is two years, we will ignore what appears to be an inadvertent misstatement of authority and examine the defense on its merits.

Where an action is commenced by filing a praecipe for issuance of a writ of summons and the writ is not served upon defendants within 30 days after filing, it is still possible for the action to be barred thereafter if the writ is not reissued within the period of the statute of limitations from the date the writ was originally filed: Zarlinsky v. Laudenslager, 402 Pa. 290, 167 A. 2d 317 (1961); Bayshore v. Jackson, 20 Chester 193 (1972), affirmed 223 Pa. Superior Ct. 568, 302 A. 2d 438 (1973). The chronology previously set forth herein indicates that plaintiff in the instant case complied with the rule of law expressed in Bayshore by causing the writ to be timely reissued.

However, defendants argue further that the "Do Not Serve" instructions on plaintiff's praecipe filed on March 8, 1973, caused the praecipe to be a nullity, with the result that the two years' period of limitations expired on March 11, 1973. The same argument is advanced as to the praecipe filed March 6, 1974, since it bore similar "hold" instructions. Thus, defendants contend that the writ issued February 21, 1975, nearly two years after the running of the statute, must be viewed as the initial process in this action.

The most recent appellate court authority on this question appears to be Reid v. SEPTA, 231 Pa. Superior Ct. 185, 331 A. 2d 692 (1974), and Ander-

son v. Bernhard Realty Sales Company, Inc., 230 Pa. Superior Ct. 21, 329 A. 2d 852 (1974). The Superior Court there twice held that the statute of limitations was tolled where plaintiff had filed a praecipe for writ of summons, but failed to deliver the writ to the sheriff for service. Judge Jacobs pointed out in Anderson that the filing of the praecipe alone constituted an act sufficient to halt the running of the statute, since that is all that is required under Pa.R.C.P. 1007. To require plaintiff to deliver the writ to the sheriff is a requirement without basis either in the rule itself or in case law. Id. at page 24.

Nevertheless, a distinction has been found to exist between a plaintiff's failure to deliver the writ to the sheriff and his communication of a "hold" order to either the sheriff or the prothonotary. The latter act has been viewed as an affirmative direction which completely nullifies the effect of plaintiff's praecipe for a writ of summons: Peterson v. Philadelphia Suburban Transportation Co., 435 Pa. 232, 255 A. 2d 577 (1969). By ordering that the writ be held, plaintiff fails to comply with the mandate of Pa.R.C.P. 1009 which requires service of process within 30 days after the issuance of a writ of summons.

We are most impressed by the exhaustive analysis of Peterson and other related cases which appear in the opinion of Judge Lyon, of Lawrence County, in the case of Brua v. Bruce-Merrilees Electric Co., 63 D. & C. 2d 652 (1973). He points out that a careful reading of the entire Peterson opinion, giving effect to all of its parts, leads to the conclusion that what at first appears to be a broad rule of law (as set forth in the preceding paragraph of this opinion) is actually intended to be a much

narrower holding that ". . . a writ of summons which was never served upon the defendant is a complete nullity *once the time for reissuance of the writ has expired.*" Id., at page 667. (Emphasis supplied.) Beginning at page 662, Judge Lyon succinctly analyzes the irrationality of drawing an artificial distinction between a case where service of the writ is stopped by plaintiff's affirmative acts, and a case where plaintiff simply fails to deliver the writ to the sheriff or give instructions for service. We agree that such a discrepancy thwarts the goal of the substantial justice among the parties. See also the Lebanon County decision in Texter v. Guidon, 67 D. & C. 2d 342, 344 (1974), wherein Judge Lyon's conclusion that the filing within the statutory period tolls the running of the statute of limitations, without regard to the date of service of the writ upon defendant, was given full acceptance.

From the facts of the instant case, it appears clear that plaintiff was, at the time of institution of suit, unable to direct service upon defendants, whose address was then unknown. To have required service to have been attempted, knowing full well that it could not have been successful, would have been an exercise in futility and an unwarranted addition upon our already congested legal system. Like Judge Gates, who authored the Texter opinion, we are somewhat apprehensive about the meaning to be attached to the Superior Court's language in Donahey v. Mattox, 228 Pa. Superior Ct. 8, 12, 323 A. 2d 167 (1974): "Since there was no deliberate act by the plaintiffs to negate the effect of the filing of the praecipe, we hold that the instant action was properly commenced within the statutory period." No definition of "deliberate act" is afforded us, and

until those all-important words are given more precise judicial meaning, we choose to view them as intended to apply only in a situation where a plaintiff would be able to accomplish service but willfully refrains from doing so.

We are also well aware of the concurring opinion in Reid, supra, wherein Judge Spaeth, joined by Judge Hoffman, questioned the prospective impact of the Superior Court's earlier Anderson decision. Nonetheless, absent a more unequivocal higher court pronouncement resolving the myriad difficulties in construing Pa.R.C.P. 1007, 1008 and 1009, we hold firm in our belief that a temporary inability to make service, as here, should stand on equal footing with an inadvertent failure to do so, for which a plaintiff presently is not penalized.

We, therefore, conclude that the statute of limitations defense pleaded by defendants in their new matter must fail.

## ORDER

And now, October 28, 1975, defendants' motion for judgment on the pleadings is hereby dismissed and denied.